UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In Re:                                                                  Chapter 13

       HENRY A LANGERT,                              Case No.:   1-14-45067

                           Debtor.              <u>1st Amended CHAPTER 13 PLAN</u>
------------------------------------------------------x

       1.       The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay the trustee for a total of 60 months, the sum of :

       $1,135.00 per month for four (4) months commencing November 3, 2014, through and including February 3, 2015, then $1,285.00 per month commencing March 3, 2015 for fifty-six (56) months through and including October 3, 2019 for a total of sixty (60) months.

       2.       From the payments so received, the trustee shall make disbursements as follows:

            (a)       Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
            (b)       Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

**ALL POST-PETITION PAYMENT, INCLUDING BUT NOT LIMITED TO, MORTGAGE PAYMENTS, VEHICLE PAYMENTS, REAL ESTATE TAXES and INCOME TAXES, TO BE MADE OUTSIDE THE PLAN BY THE DEBTOR.**

**Wells Fargo Home Mortgage** holding 1st position mortgage on the premises located at 84-32 109TH Avenue, Ozone Park, NY 11417 to be paid pre-petition arrears in the amount of $31,463.35 plus interest over the life of the plan.

**Bank of America Home Loans** holding 1st position mortgage on the premises located at 515 Skyline Drive, Allentown, PA to be paid pre-petition arrears in the amount of $34,124.38 plus interest over the life of the plan.

**NBT** holding a holding 1st position mortgage on the premises located at 29 Front Street, Deposit, NY is current as of the date of filing

**Ally Financial**, holder of a lien on the automobile a 2011 Chrysler 300 is current as of the date of filing.

**Chrysler Capital** holder of a lien on the automobile 2009 Nissan Maxima, is current as of the date of filing

            ( c) Subsequent and/or concurrently with distribution to secured creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proofs of claim of not less than one hundred (100%) percent.**

       3.       All lease agreements are hereby assumed, unless specifically rejected as follows: None are rejected

       4.       During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2 ( c), less than one hundred percent (100%) the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

Title to the debtor(s) property shall revest in the debtor(s) upon completion of the plan or dismissal of the case <u>unless otherwise provied in the Order confirming this plan</u>. Throughout the term of this plan, the debtor(s) will not incur post-petition debtor over $1,500.00 without written consent of the Chapter 13 trustee or the Court.

<u>/s/ Henry A. Langert</u>
Henry A. Langert, Debtor

<u>/s/ Bruce Feinstein</u>
Bruce Feinstein
Attorney for Debtor (BF0938)


Dated:  February 5, 2015